# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BARBARA J. HARPER, et al.,

          Plaintiffs,

v.                                    CIVIL ACTION NO. 2:09-cv-00973

UNITED STATES OF AMERICA,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment [Docket 56] filed by Defendant, the United States of America (the Government). For the reasons stated below, the Government's motion is **DENIED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 20, 2005, Plaintiff Barbara J. Harper (Mrs. Harper) underwent an abdominal hysterectomy performed by Dr. John P. McMurry. Two days after the surgery, Mrs. Harper began experiencing severe pain in the right side of her abdomen caused by an obstructed right ureter. On December 23, 2005, Dr. Shrikant K. Vaidya, a urologist, surgically reimplanted the ureter; Dr. McMurry observed this surgery. Mrs. Harper later underwent another reimplantation surgery performed by Dr. Stanley Zaslau.

At all relevant times, Dr. McMurry was employed by Roane County Family Health Care Inc. (Family Health), a federally-funded health care provider located in Spencer, West Virginia. Employees of Family Health are deemed to be employees of the United States under the provisions

of the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. Pursuant to the FTCA, Plaintiffs filed an administrative claim with the United States Department of Health and Human Services (DHHS) as required by 28 U.S.C. §§ 2401(b), 2675(a). After the claim was denied on December 5, 2008, Plaintiffs filed the instant lawsuit.

On April 27, 2009, Mrs. Harper and her husband, William Harper, filed a complaint in the Circuit Court of Jackson County, West Virginia, alleging medical malpractice and negligence. In the complaint, Plaintiffs allege that Dr. McMurry breached the applicable standard of care by damaging Mrs. Harper's right ureter. The Government then removed the action to this Court on August 28, 2009 by invoking federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441. The Government filed the summary judgment motion on July 20, 2010, arguing that it is entitled to summary judgment because there is no dispute that Dr. McMurry visualized Mrs. Harper's ureters and even if he did not, there is no standard of care that required him to do so. Additionally, the Government argues that Dr. McMurry did not proximately cause the obstruction in the ureter.

## II. APPLICABLE LAW

*A.     Summary Judgment Standard*

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving

party. *News and Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).

The nonmoving party is required to "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Importantly, Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To satisfy this burden, the nonmoving party must offer more than a mere "scintilla of evidence" in support of their position. *Anderson*, 477 U.S. at 252.

  *B. Federal Torts Claims Act*

Because this is a medical negligence action under the FTCA, the Court will apply state law, in this case West Virginia's Medical Professional Liability Act (MPLA), W. Va. Code § 55-7B-1 to -12. *See, e.g.*, *Bellomy v. United States*, 888 F. Supp. 760, 763-64 (S.D. W. Va. 1995); *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991). The MPLA requires a plaintiff to prove:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
>
> (2) Such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3(a)(1)-(2). Moreover, the "locality rule" has long been abolished in West Virginia, meaning that the standard of medical care is a national standard. *Paintiff v. City of Parkersburg*, 345 S.E.2d 564, 565 (W. Va. 1986).

## *III. ANALYSIS*

The Government asserts that Dr. McMurry visualized the ureters during Mrs. Harper's initial surgery. Dr. McMurry's operative report from the day of the surgery does not mention this, (Docket 62-3), however in the progress notes a few days later, (Docket 62-4), Dr. McMurry mentions that he did visualize the ureters during the surgery. Plaintiffs contend that if Dr. McMurry had visualized the ureters as stated in the later note, then the injury to the right ureter would have been discovered immediately. The secondary note, Plaintiffs believe, was Dr. McMurry's attempt to protect himself from liability.

Plaintiffs rely upon the report of their expert, Dr. Ralph E. Duncan, to establish that Dr. McMurry deviated from the standard of care by failing to check Mrs. Harper's ureters before the end of the initial surgery. Dr. Duncan stated that the injury to Mrs. Harper's right ureter occurred during Dr. McMurry's surgery, and the failure to repair the ureter during the initial surgery was also a deviation from the standard of care. (Docket 62-7.) Mrs. Harper's treating physician, Dr. Stanley Zaslau, also believes that Dr. McMurry deviated the standard of care because he did not identify the ureters, and the injury was caused by Dr. McMurry in the initial surgery. (Docket 62-8, pp. 16-17.) Even though the Government claims, based on Dr. McMurry's progress notes from a few days after the surgery, that Dr. McMurry did check the ureters, the Plaintiffs' expert evidence is enough to defeat summary judgment. Plaintiffs have produced more than a mere scintilla of evidence to create a genuine issue of material fact regarding their theory that Dr. McMurry caused the obstruction of the ureter during the initial surgery.

## IV. CONCLUSION

The Government has failed to demonstrate the absence of a genuine issue of material fact that would entitle it to a judgment as a matter of law. Accordingly, the Government's motion for summary judgment [Docket 56] is **DENIED**. Additionally, the Court **GRANTS** Plaintiffs' unopposed Motion to Supplement Plaintiffs' Response to United States' Motion for Summary Judgment [Docket 70].

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 28, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE