IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BARBARA J. HARPER, et al.,

                    Plaintiffs,

v.                                         CIVIL ACTION NO. 2:09-cv-00973

UNITED STATES OF AMERICA,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are several motions from the United States: Motion in Limine [Docket 58], Second Motion in Limine [Docket 66], Third Motion in Limine or Alternatively Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket 68], and Amended Second Motion in Limine [Docket 72]. Each of these motions will be addressed in turn.

This medical malpractice and negligence action was initiated by Plaintiffs on April 27, 2009.[1] On September 30, 2010, the Court held a final pretrial conference where the Court heard argument on the above motions. The Court resolved the Motion in Limine and the Second Motion in Limine at the conference. For reasons more fully stated on the record at the conference, the Court **DENIED** the Motion in Limine [Docket 58] and **DENIED AS MOOT** the Second Motion in Limine [Docket 66].

---

[1] The background and procedural history of this case is more fully stated in the Court's Memorandum Opinion and Order of September 28, 2010. (Docket 100.)

## I. THIRD MOTION IN LIMINE OR ALTERNATIVELY MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Applicable Law

The Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, is a limited congressional waiver of sovereign immunity for claims of injury or loss caused by the negligent act of a federal government employee acting within the scope of his employment. In a claim against the United States under the FTCA, the law of the place "where the act or omission occurred" must be applied. 28 U.S.C. § 1346(b)(1); *Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009). The "act or omission" complained of in this case occurred in West Virginia; therefore, West Virginia law applies.

Under West Virginia law, "[c]omplaints are to be read liberally as required by the notice pleading theory underlying the West Virginia Rules of Civil Procedure." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d 516, 522 (W. Va. 1995) (citations omitted). Complaints require "clarity but not detail." *Id.* Rule 8 of the West Virginia Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[e]ach averment of a pleading shall be simple, concise, and direct." W. Va. R. Civ. Pro. 8.

To properly present a claim under the FTCA, a party must provide notice that "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [the] claim." *Ahmed v. United States*, 30 F.3d 514, 516-17 (4th Cir. 1994). The validity of a complaint under the FTCA depends on "whether the administrative claim affords the Government with adequate notice to properly investigate the underlying incident so that it may either reasonably assess its liability or competently defend itself." *Drew v. United States*, 217 F.3d 193, 197 (4th Cir. 2000), *opinion*

*vacated*, Sept. 8, 2000, *judgment below aff'd en banc*, 231 F.3d 927 (4th Cir. Nov. 17, 2000) (citing *Ahmed*, 30 F.3d at 517 (4th Cir. 1994)) (agreeing with *Harris v. United States*, 797 F.Supp. 91 (D. P.R. 1992)).[2] In determining whether the notice is sufficient under the FTCA, a claimant must provide a "factual predicate so that his claim can be investigated." *Id.* at 198 (quoting *Richland-Lexington Airport Dist. v. Atlas Properties*, Inc., 854 F.Supp. 400, 412 (D. S.C. 1994)). "[A] district court is not divested of jurisdiction under the FTCA where the claim presented in court is 'reasonably related' to the claim presented to the administrative agency." *Id.* at 197 (citing *Harris*, 797 F.Supp. 91).

Because this is a medical negligence action under the FTCA, the Court will also apply West Virginia's Medical Professional Liability Act (MPLA), W. Va. Code § 55-7B-1 to -12. The MPLA, like the FTCA, also has a notice provision. The notice must include "a statement of the theory or theories of liability upon which a cause of action may be based, and . . . a screening certificate of merit." W. Va. Code § 55-7B-6(b).[3] However, if the "cause of action is based upon a well-

---

[2] The *Drew* case involved an FTCA claim that alleged that defects were caused by birth control medication negligently administered to the mother by United States Air Force medical personnel. The district court found that the plaintiffs did not provide the government with proper notice of the informed consent claim. A Fourth Circuit panel decision reversed, finding that the administrative claim provided the Government with sufficient notice to investigate the underlying conduct. However, the full Fourth Circuit court vacated the panel decision and then affirmed the district court's decision, based on an equally divided vote of the active members of the court.

[3] The screening certificate of merit is "executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence." It must state with particularity:
> (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

*Id.*

established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care," the screening certificate of merit is not required. § 55-7B-6(c).

*B.      Discussion*

In this motion, the United States requested that the Court prohibit Plaintiffs from introducing any evidence of the following claims: (1) "That failing to intraoperatively identify and repair Barbara Harper's injured ureter was a violation of the standard of care," (2) "That plaintiff Barbara Harper failed to give informed consent for the December 20, 2005 surgery performed by Dr. McMurry," and (3) "That the standard of care required by Dr. McMurry to use intraoperative cystoscopy, intravenous pyleogram (IVP), or other testing means to discover any damage to plaintiff Barbara Harper's ureters." (Docket 68.)

First, the United States argues that Plaintiffs should be prohibited from introducing evidence related to "the standard of care required by Dr. McMurry to intraoperatively identify and repair Mrs. Harper's injured ureter because it is not a claim made by plaintiffs prior to filing suit or in the complaint." (Docket 69 at 1.) The United States argues that Dr. Duncan's opinion—that Dr. McMurry was negligent because he did not intraoperatively find the damaged ureter and repair it—should be excluded because Plaintiffs did not give the United States notice of the opinion as required by the FTCA and the MPLA, and because it is beyond the scope of the issues raised by the complaint.

Plaintiffs respond that they were not required to disclose all expert opinions in their FTCA submission or their MPLA notice. Plaintiffs argue that their claims were properly pled in the state court because they complied with notice pleading under West Virginia law. Additionally, Plaintiffs state that:

> Dr. Duncan's opinion is not a "new" and separate opinion . . . . It is simply a closely related nuance of plaintiffs' general claim that Dr. McMurry was negligent for lacerating plaintiff Barbara Harper's ureter. A logical extension of this theory of liability is that McMurry should have discovered the injury and repaired it at the time of the initial surgery so that future surgeries could be avoided.

(Docket 80 at 4.)

The Court agrees with Plaintiffs: Plaintiffs met the pleading requirements because they put the Government on notice to their general theory of the case. Plaintiffs provided the "factual predicate" that would lead the Government to theories that Plaintiffs allege through Dr. Duncan's opinion—an opinion that is closely related to the theory of Mrs. Harper's injuries, and one that the Government would have easily been made aware of in its investigation of the claim. Plaintiffs are not required to plead in such a hypertechnical way as the Government seeks.

Second, the United States argues that evidence that Mrs. Harper did not give informed consent to the surgery should be excluded because "[t]his issue was not raised in the FTCA administrative claim, the MPLA notice sent to Dr. McMurry, the complaint or the expert opinions of plaintiffs' experts." (Docket 69 at 6.) The United States cites the *Drew* case for the position that all informed consent claims that are not presented administratively must be dismissed. (Docket 83.) However, the Fourth Circuit's affirmance of the district court's decision to dismiss the informed consent claim in *Drew* is not binding precedent and does not require all district courts in the Fourth Circuit to dismiss informed consent claims that were not specifically mentioned in the underlying FTCA notice or notice under state law.

Plaintiffs here have complied with the notice requirements of the FTCA and MPLA; they served the United States with a Standard Form 95 as required by the FTCA and a letter as required by W. Va. Code § 55-7B-6. (Dockets 10-1 & 10-2.) Additionaly, West Virginia does not require

-5-

expert testimony "under the patient need standard to establish the scope of a physician's duty to disclose medical information to his or her patient." *Cross v. Trapp*, 294 S.E.2d 446, 455 (W. Va. 1982).[4] Plaintiffs explicitly state that they "do not intend to offer testimony or evidence from their own witnesses regarding anything other than the scope or breach of duty to obtain informed consent . . . ." (Docket 80.) Thus, Plaintiffs are able to provide this kind of non-expert testimony.

    Third, the United States argues that evidence related to IVP or other procedures that would have required Dr. McMurry to check for damage to Mrs. Harper's ureters should be excluded for the same reasons as noted above—that the issue was not raised in the FTCA administrative claim, the MPLA notice, the complaint, or in the expert opinions. (Docket 69 at 7.) Plaintiffs respond that they do not intend to argue that Dr. McMurry was required to use any of these particular procedures. Rather, they intend to argue that "Dr. McMurry owed a duty to . . . use some reasonable method for checking [Mrs. Harper's] ureters for injury and that he failed to do so using any reasonable method, including those that were available to him . . . ." (Docket 80 at 12-13.) The Court again agrees with Plaintiffs: that they were not required to provide the United States with a list of every possible procedure Dr. McMurry could have used to discover any injury to Mrs. Harper's ureters. The Plaintiffs were not required to submit under the FTCA or the MPLA such a detailed explanation of the theory of the case. Accordingly, the Court **DENIES** the United States' Third Motion in Limine [Docket 68].

---

[4] Expert testimony is "required to establish certain matters including: (1) the risks involved concerning a particular method of treatment, (2) alternative methods of treatment, (3) the risks relating to such alternative methods of treatment and (4) the results likely to occur if the patient remains untreated." *Id.* (citations omitted).

In the alternative, the United States moves the Court to dismiss these claims because the Court does not have subject matter jurisdiction over Plaintiffs' claims because Plaintiffs did not give proper notice under the FTCA and the MPLA. As discussed above, Plaintiffs did comply with the notice requirements under these statutes,[5] and therefore, the Court **DENIES** the United States' Third Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket 68].

## II. AMENDED SECOND MOTION IN LIMINE

In this motion, the United States wishes to exclude the following as evidence: (1) a decision from the West Virginia Board of medicine; (2) a consent order and letter dealing with Dr. McMurry's probationary status to practice medicine in West Virginia; (3) another consent order with the West Virginia Board of Medicine dealing with incidents where Dr. McMurry prescribed controlled substances without maintaining adequate medical records; and (4) a decision from the Kentucky Board of Medical Licensure.

West Virginia Code § 30-3C-3 provides in pertinent part: "The proceedings and records of a review organization shall be confidential and privileged and shall not . . . be admitted as evidence in any civil action arising out of the matters which are subject to evaluation and review by such organization." For peer review records to be admissible, "first and foremost," they must be relevant—they must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Young v. Saldanha*, 431 S.E.2d 669, 676 (W. Va. 1993) (citing W. Va. R. Evid. 401, 402). In this kind of medical malpractice

---

[5] Additionally, Judge Goodwin previously addressed this matter in his Memorandum Opinion and Order on December 8, 2009, (Docket 22), which denied the United States' motion to dismiss. The Court found then that Plaintiffs complied with the requirements of West Virginia Code § 55-7B-6, and the Court now has no reason to change that finding.

negligence action, the "pivotal issue to be resolved at trial" is whether the doctor breached any duty of care owed to the patient in connection with the patient's treatment. *Saldanha*, 431 S.E.2d at 676.

First, the decision from the West Virginia Board relates to Melinda Harper, not Mrs. Harper or a relation of Plaintiffs. As such, this document is not relevant and is inadmissible at trial. Second, the other documents all pertain to decisions from the state medical boards of Kentucky and West Virginia and do not relate to Mrs. Harper's surgery. These documents relate to incidences that are not similar to the facts underlying Plaintiffs' claims and that do not involve Plaintiffs. The Court finds the *Saldanha* decision controlling. These documents are not relevant, and further, are not admissible under any other rule of evidence for any purpose.

Based on the foregoing, the Court **GRANTS** the United States' Amended Second Motion in Limine [Docket 72], and use of the various medical peer review records is prohibited.

### *III. CONCLUSION*

In summary, the Motion in Limine [Docket 58], the Third Motion in Limine [Docket 68], and the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket 68] are **DENIED**. The Second Motion in Limine [Docket 66] is **DENIED AS MOOT**. The Amended Second Motion in Limine [Docket 72] is **GRANTED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 30, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE