IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BARBARA J. HARPER, et al.,

           Plaintiffs,

v.                                                  CIVIL ACTION NO.  2:09-cv-00973

UNITED STATES OF AMERICA,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for a New Trial [Docket 120].  Plaintiffs ask the Court to reconsider its ruling entered on September 19, 2011, in which the Court found for Defendant after a one-day bench trial.  (Docket 115.)  To the extent that it is applicable, the Court relies on its reasoning set forth in that Memorandum Opinion.  The Court will now address any new issues raised by Plaintiffs in their brief.

*I.  BACKGROUND*

The factual history is set forth fully in the Court's Memorandum Opinion and Findings of Fact and Conclusions of Law.  (Docket 115.)  Relevant to the instant motion, Plaintiffs filed the instant lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-80, alleging medical negligence and loss of consortium.  The lawsuit stems from an injury allegedly suffered by Mrs. Barbara Harper as a result of negligence during a total abdominal hysterectomy performed by Dr. John P. McMurry at Jackson General Hospital in Ripley, West Virginia.  Dr.

McMurry was employed by Roane County Family Health Care Inc., a federally-funded health care provider in Spencer, West Virginia.

The case was tried to the Court on October 5, 2010, and the Court entered judgment in favor of Defendant on September 19, 2011.  Dr. Griffin testified at trial for Defendant and was included in the Court's findings as an expert.  Dr. Griffin's testimony was that Dr. McMurry did not deviate from the standard of care when he did not include in his operative report that he identified the ureters.  He testified that it was appropriate for Dr. McMurry to include his memory of identifying the ureters in a later progress note.  Dr. Griffin stated that as many as 85 percent of ureteral injuries are not detected until after surgery, therefore, a doctor cannot be required to fix something that is undetectable.  (Docket 110 at 212.)

The Court also heard trial testimony from Dr. McMurry.  The Court found that Dr. McMurry did not breach the standard of care when he failed to mention the identification of the ureters in his operative report.  Moreover, the Court found that Plaintiffs did not meet their burden to prove that Dr. McMurry failed to identify the ureters intraoperatively and that Plaintiffs' evidence was circumstantial at best.

## II.  DISCUSSION

Plaintiffs' other argument in their motion for a new trial is that "unfair surprise" occurred when Dr. Griffin testified about a 41-page document from eMedicine.  Plaintiffs argue that Defendant unfairly used this document as a basis for Dr. Griffin's testimony regarding the percentage of ureteral injuries that go undetected at surgery.  (Docket 120 at 5.)  Plaintiffs' counsel objected to the use of the document at trial because the document was not given to him until Dr. Griffin testified about it at trial.  (Docket 110 at 215.)  Plaintiffs argue that it was unfair for Defendant to use this document at trial without disclosing it before trial.  Defendants counter

2

that Dr. Griffin's testimony regarding the 85 percent figure preceded his testimony about the document. (Docket 121 at 3.) Further, Defendant argues that the 85 percent figure does not correspond with the evidence from the document because the document stated that 70 to 80 percent of injuries are diagnosed post-operatively. (Docket 121 at 4; Docket 110 at 220.) Defendant also argues that the Court did not rely on the document in its findings, but rather relied on Dr. Griffin's opinion about the 85 percent figure.

Rule 26 of the Federal Rules of Civil Procedure generally requires parties to disclose the identity of any expert witness intended to be used at trial along with a written report from the expert containing a statement of the expert's opinions and the basis and reasons for them. Rule 26 interacts with Rule 703 of the Federal Rules of Evidence, which determines what an expert can base his opinion on. This Court has broad discretion in regulating expert opinion evidence, *Westfield Ins. Co. v. Harris*, 134 F.3d 608, 612 (4th Cir. 1998), and decided to use that discretion to allow Dr. Griffin to testify about the eMedicine document. This decision did not result in unfair surprise to Plaintiffs. Dr. Griffin's testimony was used by the Government as rebuttal testimony to the deposition from one of Plaintiffs' experts, Dr. Duncan. As such, the document was not initially discloseable. *See* Fed. R. Evid. 703 advisory committee's notes. Thus, the Government was not required to disclose it to Plaintiffs earlier.

Further, as this was a bench trial, the Court was able to sift through the evidence to precisely determine its probative value versus any prejudicial effect. In doing so, the Court did not rely on Dr. Griffin's testimony about the document in making its findings of fact and conclusions of law. As such, any error in allowing Dr. Griffin to discuss the document did not affect Plaintiffs' substantial rights. Accordingly, Plaintiffs' argument on this issue is without merit.

3

### III. CONCLUSION

In summary, to the extent that Plaintiffs' motion raises issues previously discussed in the Court's Memorandum Opinion and Findings of Fact and Conclusions of Law, (Docket 115), the Court relies on its reasoning stated therein and incorporates by reference all applicable portions of that Memorandum Opinion. The other issue raised by Plaintiff is discussed above, and the Court finds that argument to be without merit. Accordingly, for the reasons stated herein, Plaintiffs' Motion for a New Trial [Docket 120] is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 15, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE